UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAVELLE WATTS | No. 13 CR 158<br><br>Judge John J. Tharp, Jr. |

**PROTECTIVE ORDER GOVERNING CERTAIN DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Certain materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be reviewed by defendant's counsel only (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Specifically, the instant protective order shall be limited to the following documents: unredacted reports of interview of jurors in case number 11 CV 1573, labeled "13 CR 158 – Protective Order, Attorney's Eyes Only – 000001 through 000009." Counsel for defendant agrees that the above unredacted reports will not be disclosed to the defendant.

2. These materials contain particularly sensitive information, including personal information of jurors in a related civil case. Defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity without prior authorization of the Court.

3. Defendant's counsel shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by them. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons as approved by the Court, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person approved by the Court, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant's counsel by mistake, the United States shall have the right to request

the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTERED:

_____
JOHN J. THARP, JR.
District Judge
United States District Court
Northern District of Illinois

Date: 3/4/2014