# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 13 CR 158 |
| LAVELLE WATTS, JR., | ) | Judge John J. Tharp, Jr. |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 14 CR 423 |
| v. | ) | Judge John J. Tharp, Jr. |
| LESHAUN SYKES, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Lavelle Watts Jr. is presently serving a sentence of imprisonment for eight months at FCI Pekin, Illinois, following the revocation of his supervised release premised on drug use and failures to comply with rules and regulations governing his community confinement and to participate in required mental health treatment. Defendant LeShaun Sykes is also incarcerated at FCI Pekin, where he is serving the balance of a five-year sentence for drug trafficking.

In untitled filings that are substantially identical (compare ECF No. 139 in 13 CR 158 with ECF No. 43 in 14 CR 423), Watts and Sykes seek an order from this Court directing the Bureau of Prisons to award additional good time credits pursuant to the First Step Act.[1] Each of the defendants purports to bring his claim pursuant to both 28 U.S.C. 2241 and 2255, but only § 2241 is an appropriate vehicle. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a motion pursuant to § 2255, a defendant challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under § 2241. That is the gravamen of the defendants' motions: they challenge the manner in which the Bureau of Prisons is executing their sentences with respect to its calculation

---

[1] Defendant Watts also filed another untitled motion [141] that appears to be virtually the same as the first motion, so this Order also disposes of the later filing.

of their release dates. In other words, they challenge the duration of their confinement and the proper way to do so is with a petition for a writ of habeas corpus. *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

Construing the defendants' filings as habeas petitions, however, means that they must be dismissed. A habeas petition must be filed in the district in which the defendant is being held in custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). FCI Pekin is located in the Central, not Northern, District of Illinois, and so this Court is without jurisdiction to act on the defendants' petitions.

The dismissals are without prejudice to the filing of the petitions in the correct judicial district (*i.e.*, the Central District of Illinois), but before filing another petition, the defendants should consider the following obstacles to their claims:

- First, the increase in good time credit authorized in the First Step Act has not yet become effective. Although Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed (effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010)), that amendment takes effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, assuming completion on the deadline date, Section 102(b)(1) will not take effect until approximately July 19, 2019 (the First Step Act was signed into law on December 21, 2018). Watts believes his current "out date" to be April 24, 2019; if that is correct, he will be released before the amendment to 3642 becomes effective.[2] Similarly, according to BOP's inmate locator, Sykes' current release date is July 9, 2019; it appears that he, too, will be released before the increase in good time credits becomes effective.

- Even if the provision were effective, now, however, before a prisoner may seek federal habeas relief under § 2241 he must first exhaust his administrative remedies within the BOP. *Carnine,* 974 F.2d at 927. Neither of the defendants' petitions makes any reference to having sought any administrative relief from the BOP (and presumably such relief is not yet available given that the additional good time provision is not yet effective), but if the defendants are still in custody when the amendment becomes effective, they will have to seek relief from the BOP before seeking judicial relief. Re-filing their petitions now will almost surely result in dismissal for failure to exhaust administrative remedies.

---

[2] According to BOP's inmate locator site, Watts' release date is July 19, 2019.

Given the relatively short time remaining on the defendants' respective sentences even in the absence of any increase in the good time credit available under the First Step Act, it seems quite unlikely that either of the defendants will ever be in a position to need, or to obtain, judicial review of BOP's calculation of their release dates. Re-filing their petitions in the Central District therefore appears to be futile. The defendants will likely be better off saving their five-dollar filing fees.[3]

For the foregoing reasons, the defendants' respective petitions are dismissed without prejudice.

Dated: March 11, 2019

John J. Tharp, Jr.
United States District Judge

---

[3] 28 U.S.C. § 1914(a) imposes a five-dollar filing fee for habeas petitions. Because they did not label their filings as habeas petitions, neither defendant was assessed that charge by the Clerk of this Court, and in view of this Court's lack of jurisdiction over the petitions, it will not assess the filing fee against the defendants. Presumably, however, the Clerk of the District Court for the Central District will require payment of the fee (or a grant of a motion for leave to proceed *in forma pauperis*).